UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-001-FJL

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THOMAS FARESE,

        Defendant.
._____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR ORDER SCHEDULING PRELIMINARY HEARING

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby submits its opposition to the motion, filed yesterday, January 18, 2012, by the defendant Thomas Farese for a preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1 ("Rule 5.1") for today, January 19, 2012. As set forth below, Farese's motion is moot because the Court has already determined that there is probable cause to believe that the defendant committed the charged crime and, accordingly, the defendant's motion should be denied. Should the Court conclude that the defendant is nonetheless entitled to a preliminary hearing, the government respectfully submits that extraordinary circumstances exist that warrant scheduling the hearing for the week of January 23, 2012.

## BACKGROUND

On January 5, 2012, the defendant Thomas Farese was arrested on a complaint filed in the Eastern District of New York, charging a violation of 18 U.S.C. § 1956(a)(3)(B). Farese had an initial appearance before the Honorable Frank J. Lynch, Jr., in the Southern District of Florida, at which appearance a "removal/identity" hearing pursuant to Federal Rule of Criminal Procedure 5(c)(3) was scheduled for January 6, 2012. (See Docket Entry Nos. 2, 3). On January 6, 2012, at Farese's request, the hearing was adjourned until January 11, 2012. (See Docket Entry No. 8).

On January 11, 2012, Special Agent Scott Curtis of the Federal Bureau of Investigation ("FBI"), who is employed by the FBI's New York Field Office and does not reside in Florida, testified at length about the charge alleged in the complaint and the defendant's position as a high-ranking member of the Colombo organized crime family of La Cosa Nostra. That day, the Court "found sufficient evidence for removal." (See Docket Entry No. 13).

The Court, however, reserved decision as to whether the defendant would be transferred to the Eastern District of New York in custody, in part to allow the Court time in which to obtain additional information about the defendant's prior convictions. On January 18, 2012, the Court entered a permanent order of detention. (Docket Entry 19). In the Order, the Court expressly noted:

> The Court finds that Agent Curtis' unrebutted testimony, although weak, is sufficient to establish that the Defendant knew about and authorized the laundering of illegal proceeds. The Court's present task is not to determine the Defendant's guilt or innocence. Rather, the Court's analysis is limited to determining if the evidence is sufficient to find probable cause to believe the Defendant committed the offense charged. The Court finds it is.

\* \* \*

>Though the weight of the evidence supporting the instant offense is not overwhelming, at least as much of it as thus far revealed by the Government, it is sufficient to establish probable cause to believe that the Defendant is still actively engaged in criminal conduct.

(Order at 3-4, 5 (emphasis added)).

## DISCUSSION

A.   Applicable Law

Under Rule 5.1, a defendant is entitled to a preliminary hearing if he so requests where, as here, he has been charged with a felony and neither an indictment nor an information has been filed against the defendant. The rule further provides that "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance" where a defendant is in custody and no later than 21 days after the initial appearance where a defendant is out of custody. Fed. R. Crim. P. 5.1(c). However, even if the defendant does not consent, "the magistrate judge may extend the time limits . . . on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(d). In addition, Rule 5.1 provides that:

>At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence but may not object to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

Fed. R. Crim. P. 5.1(e).

Under Rule 5(c)(3) of the Federal Rules of Criminal Procedure, the rule that governs removal proceedings, "the following procedures apply" where a defendant is arrested in a district other than that where he has been charged:

> (A) the magistrate judge must inform the defendant about the provisions of Rule 20;
>
> (B) if the defendant was arrested without a warrant, the district court where the offense was allegedly committed must first issue a warrant before the magistrate judge transfers the defendant to that district;
>
> (C) the magistrate judge must conduct a preliminary hearing if required by Rule 5.1;
>
> (D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:
>
> (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and
>
> (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; and
>
> (E) when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

Fed. R. Crim. P. 5(c)(3) (emphasis added).

B.  Argument

  1.  The January 11, 2012 Hearing Constituted a Preliminary Hearing

As the Court is aware, at the January 11, 2012 hearing, Agent Curtis testified at length about the nature of the charge against the defendant and the defendant had ample opportunity to cross-examine Agent Curtis and to introduce evidence. After hearing Agent Curtis's testimony and the defense's cross-examination of Agent Curtis, the Court found "sufficient evidence for removal," and explicitly found "probable cause to believe the Defendant committed the offense charged" --

precisely what would be at issue if the Court were to conduct an additional hearing pursuant to Rule 5.1. Because the strength of the underlying charge was squarely at issue during the January 11, 2012 hearing (see Order at 3-4 (considering "the weight of the evidence" against the defendant as directed by 18 U.S.C. § 3142(g)(2))), and because the defendant had a full opportunity to present evidence and to cross-examine Agent Curtis, the defendant has already been afforded an opportunity for a preliminary hearing, and, thus, no further hearing is warranted.

2. <u>If a Preliminary Hearing Is Warranted, There Are Extraordinary Circumstances to Justify a Delay</u>

Even assuming *arguendo* that the hearing held on January 11, 2012 did not constitute a "preliminary hearing" under Rules 5(c)(3)(C) and 5.1 of the Federal Rules of Criminal Procedure, "extraordinary circumstances" exist and justice requires a brief delay beyond January 19, 2012, the fourteenth day after the defendant's initial appearance on January 5, 2012. Fed. R. Crim. P. 5.1(d). First, despite the defendant's ample opportunity to request the scheduling of a preliminary hearing, the defendant did not file his motion for a preliminary hearing until 3:19 p.m. on January 18, 2012, and only then did he demand one by the following day. Second, the defendant was aware that the case agent, Special Agent Curtis, is employed by the FBI's New York Field Office, does not reside in Florida and therefore would have to travel to Florida at extremely short notice were the Court to grant the defendant's request to schedule a hearing for the following day. Under these circumstances, granting the defendant's request could require the government to either consent to the defendant's release – despite the government's contention and the Court's finding that the defendant poses a danger to the community – or dismiss the charge against the defendant. Third, in light of the January 5, 2012 and January 6, 2012 requests by the defendant to adjourn the Court's

determination on the government's motion for detention, for several of the fourteen days that elapsed between the defendant's initial appearance and today, it was unclear whether the defendant would be entitled to a preliminary hearing on the fourteenth day (if he was in custody) or the twenty-first day (if he were released).  Finally, the Court's cited need to consult the case file in a significantly old decision, i.e., a 1996 racketeering case in Case No. 96-06008-Cr-ASG caused unanticipated delay in the Court's decision on pre-trial detention, approximately seven days, which was unanticipated by the Court or the parties to this proceeding.  This unanticipated delay constitutes further grounds for the Court to find an "extraordinary circumstance" exists in this case sufficient to justify a brief extension of the otherwise applicable time limit.

Accordingly, in the interest of justice and due to the extraordinary circumstances presented by this case, the government respectfully requests an adjournment until the week of January 23, 2012, to enable Special Agent Curtis to travel to Florida to testify, or in the alternative, to allow the charging district to conduct the hearing in the Eastern District of New York, now that the defendant has been ordered removed.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion for a preliminary hearing as moot or, in the alternative, schedule such a hearing for the week of January 23, 2012.

                          Respectfully submitted,

                          WIFREDO A. FERRER
                          UNITED STATES ATTORNEY

By:   /s Stephen Carlton
                          Stephen Carlton
                          Assistant United States Attorney
                          Admin. No. A5500011
                          500 S. Australian Ave., Suite 400
                          West Palm Beach, Florida 33401-6235
                          Tel. (561) 820-8711 Ext. 3053
                          Telefax (561) 659-4526
                          E-mail: Stephen.Carlton@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2012, I filed the foregoing document with the Clerk of the Court using the ECF system.

>By: /s Stephen Carlton
> Stephen Carlton
> Assistant United States Attorney
> Admin. No. A5500011
> 500 S. Australian Ave., Suite 400
> West Palm Beach, Florida 33401-6235
> Tel. (561) 820-8711 Ext. 3053
> Telefax (561) 659-4526
> E-mail: Stephen.Carlton@usdoj.gov